UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL DAVID ROBERTS,<br><br>    Plaintiff,<br><br>v.<br><br>THE STATE OF MINNESOTA,<br>HELEN BROSNAHAN, and<br>TRICIA LOEHR<br><br>    Defendant. | Civil No. 13-1340 (PJS/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff alleges that in 2007 he was convicted of a misdemeanor in the state district court for Dakota County, Minnesota. He states that he was convicted of making terroristic threats, because "I ran my mouth on the telephone to a cell phone company." (Complaint, [Docket No. 1], p. 4, ¶ 7.)[1]

---

[1] The Minnesota Court of Appeals has described Plaintiff's offense as follows:

"In 2007, [Plaintiff] became irate during a protracted telephone conversation with a Cingular Wireless customer service representative located in Colorado and threatened to shoot up a Cingular store in Minnesota. The customer service representative could hear a noise like ammunition dropping; [Plaintiff]

Since his conviction, Plaintiff allegedly has kept a part-time job, has been going to school, and has "had no other issues with the law." (Id.) However, Plaintiff also alleges that during the years following his conviction, he has been "turned away" from "hundreds of jobs" for which he has applied, and he and his family have suffered "severely hard financially." (Id.)

Under Minnesota law, Plaintiff's terroristic threats conviction caused him to lose his right to possess a firearm. See State v. Roberts, No. A11-1947 (Minn.App. 2012), (unpublished opinion), 2012 WL 2368988 at *1, rev. denied, Apr. 30, 2013. Plaintiff apparently believes that his inability to possess firearms has negatively affected his employability. In the "Request for Relief" section of Plaintiff's current complaint, he states: "I am looking for the courts to restore my civil rights under U.S. Code Title 18, Section 925. Under the 2nd Amendment right to bear arms."

Plaintiff is attempting to sue three named Defendants in this case – the State of Minnesota, Helen Brosnahan, and Tricia Loehr. For the reasons discussed below, the Court finds that Plaintiff has failed to plead an actionable claim for relief against any of these Defendants.

---

told her that he had 15 rounds, guns, and a mask in his car. Cingular closed all of its stores in the Twin Cities because of this threat. Police located and stopped [Plaintiff] in his car, where they found a loaded Glock 22 and 46 rounds of ammunition. At the time, [Plaintiff] was working as a security guard and had a permit to carry a gun. [Plaintiff] admitted to police that he had threatened the Cingular employee. [¶] [Plaintiff] pleaded guilty in 2008 to the charge of making terroristic threats, Minn.Stat. § 609.713, subd. 1 (2006), and was discharged from probation in November 2009."

State v. Roberts, No. A11-1947 (Minn.App. 2012), (unpublished opinion), 2012 WL 2368988 at *1, rev. denied, Apr. 30, 2013.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

Here, the Court initially finds that Plaintiff has failed to plead an actionable claim against the State of Minnesota, because states generally are immune from suit in federal court. The Eleventh Amendment provides that states and their agencies are immune from suit in federal court, unless the state has consented to be sued, or Congress has abrogated the state's immunity by some express statutory provision. Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam); Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Glick v.

Henderson, 855 F.2d 536, 540 (8th Cir. 1988).  Plaintiff has not identified any applicable Congressional abrogation of the State's Eleventh Amendment immunity, and there is no indication that the State has waived its immunity and consented to be sued in this case.  Therefore, Plaintiff has not presented an actionable claim against the State of Minnesota.

The Court further finds that Plaintiff has failed to plead a cause of action against Defendants Helen Brosnahan and Tricia Loehr, because his complaint does not describe any act or omission by either of those Defendants that could support any claim under any legal theory.  A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Plaintiff's current complaint does not meet this standard.  Neither Helen Brosnahan nor Tricia Loehr is even mentioned anywhere in the "Statement of the Claim" section of Plaintiff's complaint.  Plaintiff certainly has not described anything that either of those Defendants did, or failed to do, that could entitle Plaintiff to any judgment against them. Even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), Plaintiff's complaint fails to state an actionable claim for relief against either Helen Brosnahan or Tricia Loehr.[2]

---

[2] Plaintiff has provided no information about the identity of either Helen Brosnahan or Tricia Loehr. However, the Minnesota Court of Appeals' opinion in State v. Roberts, (see n. 1, supra), identifies Helen Brosnahan as an Assistant County Attorney for Dakota County.  The Court also notes that the complaint provides the same address for both Helen Brosnahan and Tricia Loehr – 1560 W. Highway 55, Hastings, Minnesota, which is the address for the Dakota County Judicial Center.  Thus, it seems likely that both Helen Brosnahan and Tricia Loehr are state prosecutors, who are being sued because they were involved in the prosecution of Plaintiff's criminal case in Dakota County.  If that is so, then there is an additional reason why Plaintiff's current attempt to sue Helen Brosnahan and Tricia Loehr must be dismissed – namely, prosecutorial immunity.  See Imbler v.

4

Finally, the Court notes that Plaintiff appears to be seeking a judgment that would restore his right to possess firearms, pursuant to 18 U.S.C. § 925 and/or the Second Amendment to the Constitution. 18 U.S.C. § 925(c) does allow for restoration of firearms privileges that have been divested by operation of federal law.[3] However, that statute gives only the Attorney General the discretionary authority to restore firearm privileges. The Court finds nothing in § 925(c) that authorizes federal courts to entertain a petition to restore such privileges. It is also extremely doubtful that Plaintiff has a constitutional right to possess firearms despite his conviction for terroristic threats. The Supreme Court has ruled that individual citizens have a Second Amendment right to bear arms. District of Columbia v. Heller, 554 U.S. 570, 595 (2008). However, the Supreme Court has made it clear that the constitutional right to bear arms is "not unlimited." Id. at 626 ("[l]ike most rights, the right secured by the Second Amendment is not unlimited"). The Supreme Court has not fully delineated the extent to which the constitutional right to bear arms can be limited. Id. It is inconceivable, however, that the states and the federal government would be constitutionally forbidden from imposing reasonable firearms restrictions on a person who has been convicted of making terroristic threats with a gun.[4] See Schrader v. Holder, 704 F.3d 980, 989, 990 (D.C.Cir. 2013) (firearms ban imposed on common-law misdemeanants "passes

---

Pachtman, 424 U.S. 409, 420-428 (1976) (state prosecutors are immune from claims based on actions taken in the performance of their prosecutorial duties).

[3] Plaintiff apparently has lost his right to possess firearms under Minnesota state law. (See State v. Roberts, cited at n. 1, supra.) It is not self-evident that a restoration of Plaintiff's firearms privileges under § 925(c) would necessarily void whatever restrictions exist under state law.

[4] See n. 1, supra.

muster under the appropriate level of constitutional scrutiny," in part because "individuals with prior criminal convictions for felonies or domestic violence misdemeanors can reasonably be disarmed because such individuals pose a heightened risk of future armed violence").

In sum, Plaintiff has not described any facts that could entitle him to any legal redress against any of the named Defendants (or anyone else) under any legal theory. Thus, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. Because Plaintiff has not pleaded an actionable claim for relief, the Court recommends that his IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: June  11, 2013

                s/ *Franklin L. Noel*
                FRANKLIN L. NOEL
                United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 25, 2013**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and

Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.